### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

**RANDALL J. RITCHIE,**

    **Plaintiff,**

    **v.**                                                                  Case No. 17-3003

**AUSTIN DESLAURIERS, et al.,**

    **Defendants.**

## MEMORANDUM & ORDER

Plaintiff Randall J. Ritchie brings this action pursuant to 42 U.S.C. § 1983 against defendants Austin DesLauriers, Michael Dixon, Bill Rein, and Tim Keck. Plaintiff claims that defendants violated his constitutional rights. Specifically, plaintiff claims that defendants failed to provide adequate treatment for plaintiff in the Kansas Sexual Predator Treatment Program ("SPTP")—preventing plaintiff's progress through the SPTP stages and denying him a realistic opportunity to reintegrate into society. Plaintiff argues that these actions violate the Eighth and Fourteenth Amendments of the United States Constitution. Further, plaintiff argues that his civil commitment due to past criminal behavior violates his Fifth Amendment protection against double jeopardy. Plaintiff seeks complete release, along with declaratory, injunctive, and monetary relief.

The matter is before the court on Defendants' Motion to Dismiss Plaintiff's Complaint, or in the alternative, For a More Definite Statement. (Doc. 21.) Defendants argue that plaintiff's complaint is moot and should be dismissed for lack of subject matter jurisdiction under Federal Rules of Civil Procedure 12(b)(1). In the alternative, defendants request a more definite statement under Federal Rules of Civil Procedure 12(e), 8(a)(2), and 8(d)(1). For the reasons set forth below, the court grants defendants' motion in part and denies it in part.

-1-

**I.     Background**

Plaintiff filed this action pro se on January 4, 2017.  (Doc. 1.)  The next day, United States District Judge Sam Crow deemed the complaint deficient, in part, for failure to use court-approved forms.  (Doc. 4.)  Plaintiff refiled his complaint on court-approved forms on February 8, 2017.  (Doc. 5.)  Plaintiff's second complaint is shorter than the first complaint and organized according to court-approved forms.  *Id.*  Plaintiff further amended his complaint on March 28, 2017 to include the results of a polygraph test.  (Doc. 12.)  In his complaint, plaintiff prays for immediate release from SPTP with prejudice, declaratory relief, injunctive relief, removal of plaintiff's Sexually Violent Predator ("SVP") label, and monetary damages.

Since filing the complaint, plaintiff has been placed on transitional release by the Kansas District Court.  (Doc. 24, at 10.)  Transitional release allows individuals in the SPTP to begin community reintegration.  (Doc. 22, at 3.)  To achieve reintegration, individuals relocate to a halfway house, work release, sexually violent predator treatment facility, or other similar placement.  (*Id.*)

Defendants argue that plaintiff's claims are moot due to his transitional release.  But plaintiff responds that a transitional release is not the full release he seeks and it does not relieve defendants of liability for violating federal rights.  (Doc. 26, at 2.)  In the alternative, defendants move for a more definite statement for the original pleading in Document 1.

**II.     Legal Standards**

**A.  Pro Se Pleadings**

As plaintiff proceeds pro se, the court must construe his pro se filed documents liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  Even if drafted inartfully, a pro se pleading is held to a less stringent standard than lawyer-drafted pleadings.  *Id.*  If a court could reasonably read the pleadings to find a claim on which plaintiff could prevail, it should do so, regardless of confusion of

-2-

legal theories, poor grammar, unfamiliarity with pleading requirements, or failure to cite proper legal authority. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The court should not, however, assume the role of advocate for the litigant. *Id.*

### B. Mootness - Rule 12(b)(1)

Defendants argue this court lacks subject-matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1), because plaintiff's claims are moot. Mootness is a threshold inquiry "because the existence of a live case or controversy is a constitutional prerequisite to the jurisdiction of the federal courts." *United States v. Fisher*, 805 F.3d 982, 989 (10th Cir. 2015) (quoting *In re L.F. Jennings Oil Co.*, 4 F.3d 887, 889 (10th Cir. 1993)). To maintain the case or controversy requirement, litigants must have a personal stake in the lawsuit and its outcome. *Id.* A litigant lacks a personal stake if the injury is healed by an event or only prospective relief is sought. *S. Utah Wilderness Alliance v. Smith*, 110 F.3d 724, 727 (10th Cir. 1997). The essential question to ask is: "have circumstances changed since the beginning of litigation that forestall any occasion for meaningful relief?" *Id.* If this has occurred, the case is moot. *Brown v. Buhman*, 822 F.3d 1151, 1166 (10th Cir. 2016) (citation omitted); *Alexander v. Yale Univ.*, 632 F.2d 178, 183 (2d Cir. 1980).

### C. Motion for a More Definite Statement – Rules 12(e), 8(a)(2), and 8(d)(1)

Despite pro se pleadings being held to a liberal standard, pro se filings must still follow the Federal Rules of Civil Procedure. *Williamson v. Owners Resort & Exch.*, 90 F. App'x 342, 345 (10th Cir. 2004). Under the Federal Rules of Civil Procedure, a party is entitled to a more definite statement if the statement is "so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). A complaint must be a "short and plain statement of the claim," which gives defendant fair notice of plaintiff's claims. *Id.* at 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (quoting *Conley v. Gibson*, 255 U.S. 41, 47 (1957)). When a party moves for a more definite

-3-

statement, the moving party must "point out the defects complained of and details desired." Fed. R. Civ. P. 12(e). Further, motions for more definite statements are generally disfavored by the courts. *Resolution Trust Corp. v. Thomas*, 837 F. Supp. 354, 355 (D. Kan. 1993).

### III. Discussion

#### A. Mootness

Applying the legal standards for mootness above, the court determines that plaintiff's claims for injunctive relief are moot due to his transitional release. As transitional release allows reintegration into society, plaintiff no longer needs injunctive relief for defendants' conduct that prevented his reintegration to society. Due to these changes in circumstance, plaintiff no longer has an injury redressable by injunction. Under the case and controversy requirement of the U.S. Constitution, this court therefore dismisses plaintiff's injunctive relief claim for lack of subject matter jurisdiction.

Conversely, transitional release does not prevent this court from being able to grant the other types of relief plaintiff seeks. Defendants have not met their burden to show how transitional release remedies all of plaintiff's claims. While circumstances have changed via the transitional release, the change does not prevent the court from being able to grant complete release, award damages for past wrongs, re-evaluate the label of a SVP, or declare defendants' acts unconstitutional. Transitional release is not the complete release plaintiff seeks. Therefore, plaintiff's complaint is not moot for the remedies of complete release, damages, labeling of SVP, or declaratory relief.

#### B. Motion for a More Definite Statement

The court denies defendants' motion for a more definite statement. Defendants base their arguments on the original complaint, Document 1. But plaintiff amended his complaint as Document 5. Although defendants filed their motion three months after plaintiff amended his complaint, they still

base all their arguments on Document 1. The court therefore denies the motion for a more definite statement.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss Plaintiff's Complaint, or in the alternative, For a More Definite Statement (Doc. 21) is granted in part and denied in part. The court dismisses only the claims for injunctive relief as moot. The court denies the motion for a more definite statement.

Dated this 19th day of October, 2017, at Kansas City, Kansas.

        **s/ Carlos Murguia**
        **CARLOS MURGUIA**
        **United States District Judge**