## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **RANDALL J. RITCHIE,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**AUSTIN DESLAURIERS, et. al.,** )<br>)<br>**Defendants.** )<br>_____) | Case No. 17-3003-CM |

### MEMORANDUM AND ORDER

Plaintiff Randall J. Ritchie brings this action pro se pursuant to 42 U.S.C. § 1983 against defendants Austin DesLauriers, Michael Dixon, Bill Rein, and Tim Keck. Plaintiff claims that defendants violated his constitutional rights. Specifically, plaintiff claims that defendants failed to provide adequate treatment for plaintiff in the Kansas Sexual Predator Treatment Program ("SPTP")—preventing plaintiff's progress through the SPTP stages and denying him a realistic opportunity to reintegrate into society. Plaintiff argues that these actions violate the Eighth and Fourteenth Amendments of the United States Constitution. Further, plaintiff argues that his civil commitment due to past criminal behavior violates his Fifth Amendment protection against double jeopardy. Plaintiff seeks complete release, along with declaratory and monetary relief.

The matter is before the court on plaintiff's motion to dismiss (Doc. 54). In his motion and supporting memorandum, plaintiff asks the court to allow him to voluntarily dismiss his case without prejudice because he cannot afford an attorney and does not want to proceed pro se any longer. Plaintiff believes that he lacks the proper legal knowledge and abilities to continue to represent himself in this case. But he wishes to retain the ability to refile his suit if he is able to find an attorney to

-1-

represent him pro bono or he is able to raise an adequate retainer fee within a reasonable amount of time.

Unless the court orders otherwise, a Rule 41(a)(2) dismissal is without prejudice. The court will order that this dismissal is without prejudice. But the court will not, at this time, grant an open request for plaintiff to refile his complaint. This is not a final ruling that plaintiff will be prohibited from refiling. If plaintiff needs to try to reopen this case, seek relief from this order, or file a new case, the Federal Rules of Civil Procedure and governing case law provide a manner to do so and limitations governing filings. Whether and for how long plaintiff will be entitled to file another case or seek to reopen this case depends on a number of factors that are not presently before the court.

**IT IS THEREFORE ORDERED** that plaintiff's motion to dismiss (Doc. 54) is granted. The case is dismissed pursuant to Fed. R. Civ. P. 41(a)(2) without prejudice.

Dated this 14th day of November, 2018, at Kansas City, Kansas.

>	**s/ Carlos Murguia**
> **CARLOS MURGUIA**
> **United States District Judge**